## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF IOWA

In the Matter of:

Felicia Marie Hatch,                                        Case No.  13-03342-als7

                    Debtors.                    Chapter 7


### MEMORANDUM OF DECISION
### (date entered on docket: October 3, 2014)


COURSE OF PROCEEDINGS

Before the Court is the Trustee's Objection to debtor's claim of exemption in the Additional Child Tax Credit as a public assistance benefit pursuant to Iowa Code section 627.6(8)(a) (2014).  At the evidentiary hearing that was conducted, Dallas Janssen, Chapter 7 Trustee ("Trustee"), appeared on behalf of the estate, and Felicia Hatch was represented by Nancy L. Thompson and Samuel Z. Marks.  An amicus curiae brief in support of the position that the additional child tax credit does not qualify as exempt under Iowa law has been filed by Donald F. Neiman[1].

The Court has jurisdiction of this proceeding pursuant to 28 U.S.C. sections 157(b)(1) and 1334.  The following findings of fact and conclusions of law are entered by the Court pursuant to Federal Rules of Bankruptcy Procedure 7052 and 9014.  For the reasons set forth herein Debtors' Objection to Trustee's Objection to Exemption is sustained.

---

[1] Mr. Neiman is a member of the chapter 7 trustee panel for this District.

FACTS

Felicia Hatch is a single mother of three children ranging in age from one to fourteen years old.  She filed a voluntary chapter 7 petition on December 13, 2013.  At the time of her bankruptcy she had the following sources of monthly income:  gross wages of approximately $2,403, child support of $100 and $500 from the Supplemental Nutrition Assistance Program (SNAP).  On Schedule B of her filing she identified an anticipated tax refund for calendar year 2013, including any earned income tax credit and additional child tax credit, which was claimed as exempt on Schedule C with an unknown value.  The Trustee filed a timely objection to the exemptions claimed on Hatch's original Schedule C, which disputed her ability to claim any amount of that portion of her refund attributed to the refundable portion of the Additional Child Tax Credits ("ACTC") as a public assistance benefit.  On February 24, 2014, Hatch amended Schedule B to reflect her actual tax refunds in the amount of $8,864.  Schedule C was amended to claim this amount as exempt under Iowa law.  There is no dispute that $6,044.34 of the refunds qualify as exempt under Iowa Code section 627.6, including an amount attributable to her Earned Income Tax Credit (EITC).

In support of his objection, the Trustee cites to Hardy v. Fink (In re Hardy) which held that the ACTC does not qualify as a public assistance benefit for purposes of exemption under Missouri law.  503 B.R. 722 (B.A.P. 8th Cir. 2013).[2]  Hatch requested an evidentiary hearing to prove that the ACTC qualified for exempt status as a public assistance benefit under Iowa Code section 627.6(8)(a).  The amicus curiae brief argues that there is little, if any, difference between the Missouri and Iowa exemption statutes making Hardy v. Fink dispositive of the Trustee's objection to Hatch's claim of exemption in her ACTC.

---
[2] On appeal to the Eighth Circuit Court of Appeals, Case No. 14-1181.

DISCUSSION

1.      Adoption and Application of the Child Tax Credit

Congress enacted the child tax credit at 26 U.S.C. section 24 ("Section 24") in 1997 to provide tax relief beyond the dependency exemption to wage earning families.  As stated in the Senate's Report on the Revenue Reconciliation Act of 1997:  "The Committee believes that the individual income tax structure does not reduce tax liability by enough to reflect a family's reduced ability to pay taxes as family size increases."  S. Rep. No. 105-33, at 18 (1997).  Neither the original statute nor its legislative history identifies a benefit to low income individuals or neediness as a purpose for the tax credit established by the 1997 law.  The statute created a $500 non-refundable tax credit which could be applied to reduce the tax obligation owing under a filed return.  The tax credit gradually phased out as a taxpayer's adjusted gross income increased up to a specified level beyond which the credit was not available.  H.R. Rep. No. 105-148, at 14-15 (1997); S. Rep. No. 105-33, at 19 (1997).  The child tax credit adopted in 1997 has undergone a number of modifications.  "The first significant change to the child tax credit occurred with the enactment of the Economic Growth and Tax Relief Reconciliation Act of 2001 (EGTRRA; P.L. 107-16).  That Act raised the amount of the available credit over time to $1,000 per qualifying child and authorized a partially refundable credit under an earned income formula."  Margot L. Crandall-Hollick, Cong. Research Serv., R41873, The Child Tax Credit: Current Law and Legislative History (2014).

The current version of Section 24 is summarized as follows.  A tax credit of $1,000 may be claimed for each qualifying child during the tax year as long as the tax payer does not exceed specified adjusted gross income (AGI) limitations of:  $110,000 for a jointly filed return;

$75,000 for an unmarried filer; and $55,000 for a married individual filing a separate return.  26

U.S.C. § 24(b)(2) (2014).  As various levels are reached under AGI, the tax credit starts to

decrease based upon a fraction of the amount exceeding the given threshold.  Id. § 24(b)(1).  A

taxpayer with earned income of less than $3,000 does not qualify for either the non-refundable or

refundable portion of the child tax credits.

Debtor's tax return (Exhibit 1) provides a concrete illustration of the process.  Hatch has

three qualifying children which permits her to claim total child tax credits in the amount of

$3,000.  Line 46 of her 2013 tax return reflects that she owes $249.00 in taxes.  After application

of an unrelated tax credit[3] on line 48, Hatch utilizes $190.00 of her $3,000 available child tax

credits to reduce her tax obligation to zero.  The remaining value of her tax credit of $2,810

($3,000 - $190) is the ACTC shown on line 65 which is refundable to her.

2.      Hardy v. Fink

This was a chapter 13 case where the debtor (Hardy) claimed an exemption in the ACTC

to which the chapter 13 trustee (Fink) objected.  In re Hardy, 495 B.R. 440 (Bankr. W.D. Mo.

2013).  The matter was apparently deemed a purely legal issue which was submitted to the

bankruptcy court on stipulated facts and the debtor's tax returns.  The debtor argued that the

revision to Missouri's exemption statute that deleted the word "local," which had previously

modified the phrase "public assistance benefit," permitted the child tax credits to be claimed as

exempt.  The bankruptcy court acknowledged that the referenced change to the state statute has

resulted in a determination that the Earned Income Tax Credit ("EITC") is exempt, but it

declined to extend similar treatment to the ACTC.  Id. at 445-47 (citing In re Corbett, No. 13-

60042, 2013 WL 1344717, at *3 (Bankr. W.D. Mo. Apr. 2, 2013)).  In reaching this conclusion,

---

[3] Tax credit for child and dependent care expenses.

the bankruptcy court contrasted the original purpose between the EITC and the tax credit

available at Section 24.

> The EITC's specific purpose was to provide economic relief to
> those defined as "low-income workers." In contrast, the CTC's
> availability was not restricted to low-income workers; rather, its
> purpose in sum was to give parents of dependent children a
> "financial break." Given that the CTC is available to taxpayers
> who could be described as relatively affluent in comparison to the
> low income working parents who qualify for the EITC, the Court
> concludes that the Missouri legislative would not have intended the
> CTC to be a "public assistance benefit."

Id. at 447 (citing In re Law, 336 B.R. 780, 783 (B.A.P. 8th Cir. 2006)).  The court reasoned that:

"The fact the Additional CTC is available as a refund for taxpayers whose income places them

out of range for most public assistance benefits available to Missourians is a sufficient basis to

conclude that the Additional CTC is not an exempt 'public assistance benefit.'"  Id.

On appeal, Hardy argued that "[t]he common meaning of public assistance benefit is

quite plainly an assistance that *benefits the public.*"  In re Hardy (Hardy v. Fink), 503 B.R. 722,

725 (B.A.P. 8th Cir. 2013) (emphasis added).  This broad interpretation was dismissed in favor

of a dictionary definition of the term public assistance.  Based upon the dictionary definition of

public assistance and the high income thresholds that govern qualification for the child tax credit

under 26 U.S.C. section 24, the Bankruptcy Appellate Panel affirmed the bankruptcy court's

holding that the ACTC is not exempt under Missouri law. Id. at 726.

3.      The Pending Exemption Dispute

Hatch challenges the holding in Hardy v. Fink and seeks a different determination from

this Court.  Whether a decision of a Bankruptcy Appellate Panel is binding precedent on

bankruptcy courts is the subject of disagreement.  Four approaches have developed related to this

topic which vary from recognizing binding precedent to no binding effect by analogy to rulings

of federal district courts related to bankruptcy appeals.  See In re Hunter, 380 B.R. 753, 773-74

(Bankr. S.D. Ohio 2008) (citing 6 William L. Norton, Jr., Norton Bankruptcy Law & Practice 2d

§ 148:17 (2d ed.2007)).[4]   A court in this circuit has stated that "[w]hile the rulings of the

Bankruptcy Appellate Panels are entitled to appropriate respect, those rulings are not binding on

the Bankruptcy Court."  In re Williams, 257 B.R. 297, 301 n.5 (Bankr. W.D. Mo. 2001).  Such

an approach is appropriately applied in this case.

As permitted by 11 U.S.C. section 522(b), Iowa has opted out of the federal exemption

scheme.  See Iowa Code § 627.10 (2014).  A resident of Iowa filing bankruptcy is limited to the

exemptions provided for under state law.   Iowa Code chapter 627 provides the following

exemption:  [A] "debtor's rights in: (a) A social security benefit, unemployment compensation,

or any public assistance benefit."  Iowa Code § 627.6(8)(a) (2014).  The Trustee bears the burden

of proof to establish that the claimed exemption is not properly claimed.  Fed. R. Bankr. P.

4003(c).

Hatch contends that the ACTC meets the definition of a public assistance benefit because

the statutory amendments to Section 24 since its original adoption, were designed to, and have

resulted in, a benefit to low income families. This argument was not specifically raised by the

parties in Hardy v. Fink.  A review of the Appellant's brief reflects that the legislative issue

raised in Hardy v. Fink related to the revision of the Missouri statute, not the amendments to the

federal statute governing child tax credits.  The Appellee's brief discussed the original purpose

of the federal child tax credit, but also did not address the amendments to the tax credit law that

occurred after 1997.

---

[4] This issue has not been resolved in this this Circuit. See Official Comm. of Unsecured Creditors v. Farmland
Indus., Inc. (In re Farmland Indus., Inc.), 397 F.3d 647, 653 (8th Cir. 2005).

The focus of Hatch's argument lies in the difference between the original non-refundable credit and the ACTC which was enacted later.  The distinction between the non-refundable and refundable components provided by the statute has been recognized as important in determining whether the credit is considered property of the estate or entitled to exempt status.  See In re Zingdale, 693 F.3d 704 (6th Cir. 2012); In re Law, 336 B.R. 144, 146 (Bankr. W.D. Mo. 2005), aff'd. 336 B.R. 780 (B.A.P. 8th Cir. 2005); In re Vazquez, No. 13-32174, 2014 WL 4417775 (Bankr. N.D. Ill. Sept. 8, 2014).  The court in Hardy v. Fink recognized that two types of tax credits exist under Section 24, but did not address the effect of the post 1997 amendments to the statute which have resulted in different applications for each of these types of credits.   Instead, the discussion focused upon eligibility under the statute based upon the highest income threshold.  Due to the manner in which the arguments were framed, the Bankruptcy Appellate Panel did not have an opportunity to fully consider the issue that has now been raised in Hatch's case.

There have been substantive changes to the original statute adopted in 1997, including amendments adopted after 2001.

> The Jobs and Growth Tax Relief Reconciliation Act of 2003 and the Working Families Tax Relief Act of 2004 increased the child tax credit to $1,000 per qualifying child. The increase was originally schedule [sic] to sunset after 2010, but was extended through 2012. The 2004 Act also amended the child tax credit to make the definition of a "qualifying child" uniform with the dependency exemption, the earned income credit, the credit for household and dependent care services, and head of household filing status. A portion of the credit is refundable. As part of the effort to stimulate economic growth in 2008 and 2009, Congress lowered the income threshold used to calculate the refundable portion of the credit ($3,000) for 2009 and 2010, [(]later expended through 2012), making more lower-income taxpayers eligible for the refundable credit.

8 Mertens Law of Fed. Income Tax'n § 32:2 (2014) (internal footnotes omitted).  The American

Taxpayer Relief Act (ATRA; P.L. 112-240) made the refundable portion of the tax credit, the

ACTC, a permanent addition to the statute.  These amendments served to expand the availability

of the ACTC, as distinguished from the non-refundable portion of the child tax credit, to lower

income tax payers.  In re Vazquez, 2014 WL 4417775, at *1, *4.  The refundable portion of the

tax credit and its importance to 21 million American families was recently recognized in a

dissenting view expressed during a budget recommendation to reduce the availability of the

ACTC. See H.R. Rep. No. 112-470, at 503 (2012).

Amendments to a statute are relevant to the application and intent of the law.

> Courts have declared that the mere fact that a legislature enacts an amendment indicates that it intended to change the original act by creating a new right or withdrawing an existing one. Therefore, any material change in the language of the original act is presumed to indicate a change in legal rights.
>
> …
>
> The legislature is presumed to know the prior construction of terms in the original act, and an amendment substituting a new term or phrase for one previously construed indicates that the judicial or executive construction of the former term or phrase did not correspond with the legislative intent and a different interpretation should be given the new term or phrase. Thus, courts interpreting an amendatory act presume a change in legal rights. This rule is peculiar to amendments and other acts purporting to change existing statutory law.

1A Sutherland: Statutory Construction, § 22.30 at 178 (7th Ed. 2013).  Consideration is given to

"the previous state of the law, circumstances surrounding the statute's enactment, and the text

both before and after the amendment. We examine amendments 'with an eye toward determining

the legislative design which motivated the change.'"  Davis v. State, 682 N.W.2d 58, 61 (Iowa

2004) (quoting Jenney v. Iowa Dist. Ct., 456 N.W.2d 921, 923 (Iowa 1990)) (citations omitted).

"[W]e strive to give meaning to statutory changes the legislature has enacted. . . .  When interpreting amendments, we will assume that the amendment sought to accomplish some purpose and was not a futile exercise." Id. (citations omitted).

The 2001 amendment to the child tax credit specifically tied the ability to obtain a refund by way of the ACTC to an "earned income" formula, but left undisturbed the qualifying income thresholds subject to the original AGI calculation.  The statute's use of two terms to describe income eligibility is important and cannot be overlooked in light of the effect of ACTC on low income wage earners.  The original purpose underlying the 1997 enactment of the child tax credit statute has evolved by virtue of further amendments, including the addition of the ACTC.  This court concludes that Congress intended and understood the benefit these changes in the statute would provide to low income families.

Hatch further argues that the ACTC and EITC are more alike than the ACTC and the non-refundable tax credit under Section 24.  Because of these similarities, she concludes that the ACTC also constitutes a public assistance benefit.  The EITC is identified and understood to be a public assistance benefit and has long been recognized as exempt under Iowa law. See In re Longstreet, 246 B.R. 611, 617 (Bankr. S.D. Iowa 2000).  By virtue of this status, a comparison of the EITC and ACTC is helpful.  Although the EITC is now recognized as a public assistance benefit, its original purpose was not strictly limited to that goal.  It was also "enacted to reduce the disincentive to work caused by the imposition of Social Security taxes on earned income (welfare payments are not similarly taxed), to stimulate the economy by funneling funds to persons likely to spend the money immediately, and to provide relief for low-income families hurt by rising food and energy prices." Sorenson v. Sec'y of Treasury of U.S., 475 U.S. 851, 864 (1986). Similar to the ACTC, the EITC is based upon a percentage of "earned income (generally

defined as wages, salaries, and tips), taking into account the number of qualifying children the

taxpayer can claim." In re Westby, 486 B.R. 509, 511 (B.A.P. 10th Cir. 2013). The EITC and

the ACTC are also treated the same by the Iowa Department of Revenue for the purpose of

income reporting. See Iowa Admin. Code r. 701-41.3(2)(b)(422) (2014).

The Trustee in this case relies on the reasoning contained in Hardy v. Fink which stated

that because the child tax credit is available to high income earners, and specifically excludes the

neediest individuals, that by definition the ACTC, unlike the EITC, cannot be a public assistance

benefit. This conclusion may have resulted from the lack of evidence presented in Hardy v.

Fink.

> Debtor failed to produce any evidence that only needy individuals
> could ever receive the refundable portion of the child tax credit.
> Moreover, to the extent this could somehow be shown to be true by
> mathematical calculations based upon the provisions of the internal
> revenue code, Debtor likewise failed to provide these calculations.

503 B.R. at 726. The same cannot be said of the record developed by Hatch. Her exhibits

illustrate that the proportionate share of individuals that qualify for the EITC is almost identical

to those that qualify for and receive the ACTC. (Debtor's Exhibits 8, 9 and 10). See EITC

Income Limits, Maximum Credit Amounts and Tax Law Updates, IRS.gov,

http://www.irs.gov/Individuals/EITC-Income-Limits,-Maximum-Credit--Amounts-and-Tax-

Law-Updates (last visited Sept. 26, 2014).

Qualification for the child tax credit based upon the highest AGI level does not correlate

to, or result in, a refund based upon earned income; it merely permits a tax payer to obtain use of

the tax credit, which is then applied, based upon certain criteria, as non-refundable or refundable.

These criteria and distinctions were not addressed by the parties, the bankruptcy court or the

Bankruptcy Appellate Panel in Hardy v. Fink. The court in In re Longstreet identified the EITC

as going "beyond mere tax relief, to become, in essence, a grant." 246 B.R. at 614.  This same

application is true of the ACTC because it provides a refund, rather than a non-refundable credit,

to lower income families that do not owe substantial federal tax obligations.  See Christians v.

Dmitruk, No. 14-6023, 2014 WL 4495209, at *4 (8th Cir. B.A.P. Sept. 15, 2014) (holding

Minnesota Educational tax credit is similar to the EITC because it is a refundable credit not a

refund based upon overpayment of taxes).

Authority for the ACTC qualifying as exempt as a public assistance benefit exists.  The

court in In re Koch took into consideration the practical effect of the legislative changes that

were made to Section 24.  That court considered whether a higher income individual could

receive a portion of the ACTC as a refund, and held that such exceptions, if any, should not

dictate how the exemption is applied.  In re Koch, 299 B.R. 523 at 527-28 (Bankr. C.D. Ill.

2003). The Bankruptcy Appellate Panel in Hardy v. Fink found the reasoning in Koch

unpersuasive stating:

> The court in Koch gave great weight to what it perceived to be the
> likelihood that '[r]arely will a middle or an upper-income level
> taxpayer receive a refund of the child tax credit.' However,
> "rarely" is not the same as "never," and the court did not explain
> how the record before it supported this conclusion. The court also
> discounted entirely the fact that "taxpayers with earned income of
> less than $10,350.00 [in 2002] are not eligible for a refund of the
> child tax credit. We fail to comprehend how a benefit that may not
> be available to the most needy can be considered a "public
> assistance benefit."

Hardy v. Fink 503 B.R. at 726 (citations omitted).

According to the Debtor's exhibits, the highest percentage of individuals receiving a

refund under the ACTC have incomes of less than $50,000.  Conversely, at higher income levels

individuals only receive the non-refundable benefit of the tax credit which simply serves to

reduce their tax obligation and does not result in a refund to them.  Debtor's Exhibit 8 shows that

by comparison only a very small percentage of individuals with income in excess of $50,000 receive the ACTC.  The testimony provided support for these outcomes and further indicated that any deviation would be extremely rare.  There is little evidence to suggest that high income earners obtain any benefit from the ACTC, in contrast to the benefits obtained by lower income wage earners.

Hardy v. Fink states that because it has not been shown that higher income individuals will never obtain the benefit of the ACTC under Section 24 that it cannot constitute a public assistance benefit.  It is difficult to state with absolute certainty that an event will never occur, and it is equally as difficult to predict that an event will always occur.  Based upon the evidence, the number of high income individuals that might possibly obtain the benefit of the ACTC in comparison to the substantial number of individuals of modest and low income levels that do benefit from the ACTC is sufficient to satisfy this standard.  To conclude otherwise would result in the exceptions for a few dictating the availability of the exemption to many.  See In re Koch, 299 B.R. 523 at 527-28 (Bankr. C.D. Ill. 2003).  To allow the EITC to be claimed as exempt under Iowa Code section 627.6(8)(a) and then to deny the ACTC, as exempt to the same individual based solely upon AGI levels that are not applicable to that individual,  is inconsistent and at odds with Iowa's liberal construction of exemption statutes in favor of debtors.  See In re Vazquez, 2014 WL 4417775, at *5.

Under Iowa law, exemptions are liberally construed in favor of a debtor to confer the intended benefit.  See Frudden Lumber Co. v. Clifton, 183 N.W.2d 201, 203 (Iowa 1971).  It is well settled that the language of a statute is given its plain meaning to initially determine the legislative intent.  See In re Fowler, 784 N.W.2d 184, 187 (Iowa 2010); Benjegerdes v. Reindl (In re Reindl), 671 N.W. 2d 466, 469 (Iowa 2003).  "The court is not at liberty to read into the

statute provisions which the legislature did not see fit to incorporate, nor may it enlarge the scope

of its provisions by an unwarranted interpretation of the language used." Moulton v. Iowa Emp't

Sec. Comm'n, 34 N.W.2d 211, 216 (1948).  The anecdotal and empirical evidence in this case

support the conclusion that the refundable portion of the child tax credit, known as the ACTC is

exempt as a public assistance benefit under Iowa law.

IT IS ORDERED that

1.  The Trustee's Objection to the exemption of the $2,810 refund from the Additional Child

    Tax Credit is overruled.

2.  The Debtor's Objection to the Trustee's Objection to Exemption is sustained.

3.  The Additional Child Tax Credit in the amount of $2,810 is exempt as a public assistance

    benefit.


/s/ Anita L. Shodeen
Anita L. Shodeen
U.S. Bankruptcy Judge


Parties receiving this Memorandum of Decision from the Clerk of Court:
Electronic Filers in this Chapter Case